1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    GURMEET SINGH,                          Case No.  24-cv-03472-RMI

8                  Petitioner,

9          v.                                **ORDER RE: RESPONDENT'S**
                                             **MOTION TO DISMISS**
10   FIELD OFFICE DIRECTOR, SAN
     FRANCISCO FIELD OFFICE, UNITED          Re: Dkt. Nos. 8, 9
11   STATES IMMIGRATION AND
     CUSTOMS ENFORCEMENT, et al.,
12
                  Respondents.
13

14          Petitioner, a federal detainee, filed a *pro se* petition for a writ of habeas corpus pursuant to

15   28 U.S.C. § 2241. Petitioner challenges his prolonged detention by the United States Immigration

16   and Custom Enforcement (ICE) at the Mesa Verde Processing Center in Bakersfield, California.

17   Now pending before the court is Respondent's motion to dismiss (dkt. 8), seeking dismissal of the

18   petition on the grounds that the court lacks jurisdiction. Petitioner filed a brief opposition (dkt. 9)

19   and Respondent filed a reply (dkt. 10). For the reasons stated below, the case is transferred to the

20   Eastern District of California.

21          Petitioner names several Respondents, including the Field Office Director of the ICE office

22   located in San Francisco, who is Petitioner's legal custodian and has the authority to release him.

23   (dkt. 2 at 1-2). Petitioner cites several cases filed in the Northern District of California in which

24   judges in the district exercised jurisdiction over similar § 2241 petitions naming the San Francisco

25   Field Officer Director as a respondent. (*Id.* at 2). However, the Ninth Circuit's recent decision in

26   *Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024), makes clear that the proper respondent for a §

27   2241 petition is the warden of the facility where the detainee is being held. In reversing the district

28   court's decision in *Doe*, the Ninth Circuit held that the district court erred in exercising

jurisdiction over the petitioner's § 2241 petition because he failed to name his immediate custodian as the respondent and filed the petition outside the district of his confinement. *Id.* at 1199. *Doe* also makes clear that for a § 2241 petition, "jurisdiction lies in only one district: the district of confinement." *Id.* at 1198 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759, 759-60 (9th Cir. 2020) (applying the district of confinement rule to a § 2241 petition involving a non-citizen's challenge to his immigration detention).

Contrary to Petitioner's argument, *Doe* applies even though it was decided after Petitioner filed this case. "[I]t is well established that a court generally applies the law in effect at the time of its decision, and that if the law changes while the case is on appeal the appellate court applies the new rule.'' *Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004) (citing *Thorpe v. Durham Hous. Auth.*, 393 U.S. 268, 281 (1969)).

Petitioner is confined at the Mesa Verde Processing Center in Bakersfield, California which is located in the Eastern District of California. He failed to name his immediate custodian as the respondent, and he filed his petition outside the district of his confinement. Thus, under *Doe*, this court lacks jurisdiction over Petitioner's § 2241 petition. Here, the only district that has jurisdiction over the petition is the Eastern District of California, where the Mesa Verde Processing Center is located and where Petitioner is currently confined.

Where a case is filed in the wrong division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a); *see also Lopez-Marroquin*, 955 F.3d at 760 (ordering the transfer of immigrant detainee's § 2241 petition to the district where the petitioner was confined). Petitioner could have filed this action in the Eastern District as the only district that has jurisdiction over his § 2241 petition, and he could have named the warden or facility administrator of the Mesa Verde Processing Center as the respondent. Accordingly, the court finds that the interests of justice are best served by ordering the immediate transfer of this case to the Eastern District of California, in lieu of dismissal, which would only delay this matter and unduly burden Petitioner.

The clerk shall **VACATE** all pending motions (dkts. 8, 9) and **TRANSFER** this case to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: September 9, 2024

ROBERT M. ILLMAN
United States Magistrate Judge