UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURMEET SINGH,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, MESA VERDE ICE PROCESSING CENTER,[1]<br><br>        Respondent. | No.  1:24-cv-01080-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[2]<br><br>(Doc. No. 26) |

      Pending before the Court is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, filed by Petitioner Gurmeet Singh while he was detained in U.S. Immigration Customs and Enforcement (ICE) custody at the Mesa Verde ICE Processing Center in Bakersfield, California. (Doc. No. 1, "Petition").[3]  The Petition raises a sole claim for relief: Petitioner has unlawfully

---

[1] As noted by Respondent, the warden of the private detention facility where Petitioner is being held is the proper Respondent in a habeas corpus petition pursuant to 28 U.S.C. § 2241 filed by an immigration detainee. *See Doe v. Garland*, 109 F.4th 1188. The Clerk of Court will be directed to update the docket with the correct Respondent in this matter.

[2] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 18).

[3] Petitioner filed the Petition and various motions pro se.  On October 22, 2024, Petitioner filed a motion for order staying removal, attaching the sworn declaration of Attorney Anthony P. Capozzi, who represents Petitioner in Fresno County Superior Court, Case NO. CF02906286, an action seeking to vacate Petitioner's August 10, 2020 conviction for Assault with a Deadly Weapon. (Doc. Nos. 24, 24-1).

1

been detained in immigration custody for more than the 6-month presumptive reasonable period after entry of his final order of removal. (*Id*. at 4). As relief, Petitioner seeks immediate release from custody. (*Id*. at 5). The Court dismisses the Petition as moot.

## I. BACKGROUND

### A. Procedural History

Petitioner initiated this action on June 7, 2024 in the Northern District of California. On September 9, 2024, the Northern District transferred the action to this Court. (Doc. No. 11). On September 19, 2024, the Court ordered expedited briefing, directing Respondent to respond to the Petition within forty-five (45) days. (Doc. No. 19). On October 22, 2024, counsel, on behalf of Petitioner requested that the Court issue a stay of removal pending resolution of the instant case. (Doc. No. 24). On November 4, 2024, Respondent filed a Motion to Dismiss. (Doc. No. 26). Respondent argues the Court lacks jurisdiction to consider the Petition because Petitioner's removal from the United States to his homeland of India moots the Petition. (Doc. No. 26 at 2). Respondent submits the Declaration of Deportation Officer Rigoberto Muro and exhibits in support as evidence of Petitioner's deportation. (Doc. No. 26-2 at 1-66). The Court grants Respondent's Motion to Dismiss.

### B. Background

Petitioner, a citizen of India, was admitted to the United States as a lawful permanent resident in May 1988. (Doc. No. 26-2 at 2). In November 2012, after jury trial, Petitioner was convicted in the Eastern District of California for conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and he was sentenced to serve a term of 192 months of federal incarceration, which was later reduced to 150 months. *See United States v. Mann et al.*, 1:08-cr-00212-AWI-4, Crim. Doc. Nos. 180, 488, 518 (E.D. Cal.).[4] After he was released from federal custody, in June 2020, Petitioner was convicted in Fresno County Superior Court of assault with a semiautomatic firearm in violation of California Penal Code § 245(b). (Doc. No. 26-2 at 41-51).

---

[4] The undersigned cites to the record in Petitioner's underlying EDCA criminal cases as "Crim. Doc. No. _."

////

On August 2, 2021, following his release from state custody, Petitioner was detained by the Department of Homeland Security. (*Id*. at 52). After removal proceedings were conducted on November 19, 2021, an Immigration Judge ordered Plaintiff removed from the United States to India, and on February 2, 2023, the Board of Immigration Appeals dismissed Petitioner's appeal. (*Id*. at 53-64). On October 11, 2024, ICE confirmed with the Board of Immigration Appeals and the Ninth Circuit Court of Appeals Emergency Stay line that no stay of removal was in place, and ICE confirmed with the Ninth Circuit Court of Appeals Emergency Stay line again on October 21, 2024 that no stay of removal was in place. (Doc. No. 26-1 at 3). Petitioner was removed from the United States to India on October 22, 2024. (*Id*.; Doc. No. 26-2).

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). Federal courts consider various doctrines, including "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy"

requirement. *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). Absent collateral consequences, a "habeas petition does not continue to present a live controversy once the petitioner is released from custody."

Deportation does not necessarily moot a petition. *Abdala*, 488 F.3d at 1063. To present a live controversy, the Petition must raise some "collateral consequence that may be redressed by success on the petition." *Id*. at 1064.

Here, the Petition challenges only the length of Petitioner's detention by INS as presumptively invalid under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). (Doc. No. 1 at 4-5). The Petition asserts no collateral consequences that can be remedied by a successful ruling on the Petition. Petitioner's deportation cures his complaints about the length of his detainment by INS. *Abdala*, 488 F.3d at 1064 (dismissing petition as moot because detainee was challenging "only the length of his detention at the INS facility" and "the original petition did not seek to redress collateral consequences arising from his deportation."). Although Petitioner file a motion to stay his deportation, his "removal also moots his petition for a stay of removal that has already occurred." *Carpio v. Dep't of Homeland Sec.*, 2020 WL 7418966, at *1 (C.D. Cal. Mar. 13, 2020) (citing *Abdala*, 488 F.3d at 1064 ("where a petitioner only requested a stay of deportation, his habeas petition was rendered moot upon his deportation")). Finding the Petition is moot, the Court lacks jurisdiction to consider it.

////

////

////

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to substitute Warden, Mesa Verde ICE Processing Center as Respondent in this matter.

2. Respondent's Motion to Dismiss (Doc. No. 26) is GRANTED.

1  3.  The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.

2  4.  The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:     November 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE